## THE CITY OF DETROIT v. EUGENE ROBINSON AND JESSE H. FARWELL.

*Paving contract—Partnership contract not affected by agreements with individual partners.*

Where one member of a firm of paving contractors, makes an individual contract to pave a street, the fact that the firm as a firm has already made an agreement by which they are to receive a certain royalty upon the kind of pavement used, does not make any difference with the construction of the individual contract.

A contract whereby the owners of the right to use a patent pavement are to receive from a city a certain royalty for the use of the pavement, will not prevent their contracting to lay the pavement; nor would the paving contract affect the royalty contract unless it contained apt words for that purpose.

One member of a firm, or one of a number of joint contractors, cannot by his subsequent individual contract vary or affect the joint obligations which have been already incurred; though he may bind himself thereby.

In letting a contract for laying a patent pavement, the city of Detroit stipulated that it might withhold a certain fixed sum per square yard to protect itself from claims for royalty, and the bids were to include that sum. The city assessed and collected a paving tax amounting to the entire contract price including the royalty, which it had made a separate contract to pay, but it afterwards appeared that the patent was void. *Held* that the contractors were not concerned in the city's liability for royalty and were not entitled to receive the sum withheld to pay it.

Error to Superior Court of Detroit. Submitted October 24. Decided November 29.

ASSUMPSIT. Defendant brings error.

City Attorney *William C. Maybury* and City Counselor *F. A. Baker* for plaintiff in error, cited the following cases as illustrating failure of consideration, *Couturier v. Hastie,* 5 H. L. Cas., 673; *Jacox v. Clark,* Walk., Ch., 508; *Quick v. Stuyvesant,* 2 Paige 84; *Stewart v. Loring,* 5 Allen, 306; *Lebanon v. Heath,* 47 N. H., 353; a promise to pay money is without consideration and void where there is no legal liability or cause of action, *Palfrey v. Portland R. R.,* 4 Allen, 55; *Farnham v. O'Brien,* 22 Me., 475; *Silvernail v. Cole,* 12 Barb., 685.

*Griffin & Dickinson* for defendants in error.

MARSTON, J. The principal facts in this case are in no way different from those presented in *Detroit v. Robinson,* 38 Mich., 108. Some additional facts were presented in this case on the trial. No question was made but that the pavement laid was the one specified in the contract.

It was conceded upon the trial, for the purpose of this case only, that the patent under which the pavement was laid, was void for want of novelty. It farther appeared that the agreement entered into between the Board of Public Works and Robinson & Farwell, for payment to the latter of sixteen cents per square yard for use of the Stowe patent wood pavement, that being the pavement laid, never became a binding contract with the city, because not approved by the common council. This does not appear to have been known at the time the contract in question was entered into and the work done. The full contract price, one dollar and twenty cents, was assessed and collected under the provisions of the charter, and the amount claimed, being a part of such assessment, is still in the city treasury undisposed of.

The paving contract of June 29th, entered into between the city on the one part and Eugene Robinson on the other, for the paving of Brady Street by the latter, and under which the work was done, must be construed in connection with the previous writings relating to the subject-matter, and the fact that Robinson was one of the firm of Robinson & Farwell, which had made or was supposed to have made, an agreement under which such firm was to receive a royalty upon the pavement laid, can make no legal difference in the construction of his contract. The contract must be construed the same as though made with a stranger—one who had no connection or relation whatever to the city, the patentees, or those representing them.

The contract which Robinson & Farwell had entered into as to the royalty which they were to receive on account of the use of the patent pavement which they owned or represented, would in no way prevent them from contracting to lay the pavement, and a contract made by them to pave a street, would not deprive them of their rights under their royalty contract, or in any way modify the same, unless it contained apt and proper words for such purpose, which cannot be claimed in this case.

The agreement in reference to the royalty was made with Robinson & Farwell, while the contract to pave Brady street was made with Robinson alone. One member of a firm, or one of a number of joint contractors, cannot by his individual contract change, vary or affect the contract obligations which his firm, or he and his co-contractors have previously entered into. If in his subsequent individual contract he undertakes to do this, he may bind himself therein; but the previous joint or firm contract will be unaffected thereby. In an action brought upon the joint or firm contract, it would be no answer or defense, either in whole or in part, to show that one of the plaintiffs had subsequently made another different and inconsistent contract relating to the same

subject matter, with the same defendants. If Robinson & Farwell made a valid contract with the city, under which they were entitled to recover a royalty of sixteen cents per square yard for all Stowe wood pavement laid in the city, they would be entitled to recover the same, and there is nothing in the subsequent contract made with Robinson which would cut off their right.

April 5, 1875, Eugene Robinson and Jesse H. Farwell, in a written communication to the Board of Public Works, offered the use of the Stowe pavement for the season of 1875 for the sum of sixteen cents per square yard. This offer was accepted April 23d. June 19th the board advertised for proposals for paving Brady street, and a clause was inserted therein that "Bidders for patent wood pavement must include in their proposals the amount of royalty which the city has contracted to pay the owners of the patent." Eugene Robinson addressed to the Board an offer "to execute and perform the work specified in the advertisement hereunto attached" for furnishing and laying Stowe wood paving, including ballast and top dressing, per square yard $1.20. June 29th a contract was entered into with Robinson under which he was to receive $1.20 per square yard, containing this clause:

"And it is further mutually understood that the party of the second part (Robinson) shall, and the party of the second part especially agrees that he will pay all royalty or money necessary to be paid or to become due on account of putting down the pavement required by this contract and said specifications, and protect the city against all claims for damages of every kind and nature on account of the use by the party of the second part of any patent, or infringement of any patent, in the construction of said pavement. And to secure this end the controller shall retain out of the first installment of money to be paid said contractor a sum fully sufficient to pay all royalty due on account of the laying down of said pavement."

The amount in dispute was retained in accordance with this clause, and was what the board had agreed to

pay Robinson & Farwell for the use of the pavement, viz.: sixteen cents per square yard.

The advertisement, the bid made thereunder, and the contract in pursuance thereof, were all upon the assumption that there was a valid existing contract under which the city was obligated to pay Robinson & Farwell sixteen cents per square yard for all Stowe pavement laid. And this sum, which the city supposed it was bound to pay, was to be included in the bid to be made by parties offering to do the work. Not that they were to receive the sixteen cents—they were to include it in their bid, so that the city might assess and collect the same and pay over, not to the contractor, but to the owners of the royalty. The contractor for furnishing and laying the pavement was to receive one dollar and four cents per square yard, and beyond this he had no farther claims. The city had made a contract, whether valid or not, to pay sixteen cents per yard to the owners of the patent. This was known to the bidders, and they were required to include this amount in their bids, surely not to be received and retained by them, but to enable the city to collect and pay under its agreement. The amount being thus definitely known to all parties, the contractor could not, under the general clause in his contract quoted above, have been held for a larger sum, even should the city have become liable therefor; nor would he have been entitled to any part of this sixteen cents had the city settled with the patentees for a less sum. What the city should pay, or whether it paid any sum whatever, was something which could in no way concern the contractor, so long as he was not called upon to pay the royalty. Robinson, therefore, under his paving contract can have no claim against the city; he or his assignees, the plaintiffs in this suit, have received the full contract price. If the agreement made with Robinson & Farwell is valid they may recover upon it, but if not, that fact cannot enlarge or change the rights of the

parties under this agreement. If the contract of Robinson could be construed as entitling him to the full price of one dollar and twenty cents per square yard, he to pay the royalty, and giving the city the right to retain a certain amount as indemnity merely, then, if there were no royalty, or upon his paying the same or relieving the city from all liability, he might be entitled to recover. Such, however, is not the legal construction of his agreement in the light of the facts and circumstances under which it was entered into.

Nor can the fact that the city has assessed, collected and still retains this sixteen cents per yard, while under no obligations to pay any royalty, entitle these parties to it. Their contract gives them no such right, and there is no equitable consideration which would give it them. Although the city may have no legal or equitable claim to retain this money, something farther is required to entitle these plaintiffs to it. The right of the parties from whom it was collected would be far superior, and we may well assume that the city still holds this money for them, and that upon settlement of all question concerning the same, it will be paid back.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.